**STATE, ex rel. DEVINE, Plaintiff-Relator, v. BAXTER et, Defendants-Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 5834. Decided April 29, 1958.

Hylas A. Hilliard, Columbus, for plaintiff-relator.

Earhart, Robertson & Savage, Daniel S. Earhart, of Counsel, Columbus, for defendants-respondents.

## OPINION

Per CURIAM.

This is an original action in quo warranto brought by the plaintiff-relator, hereinafter called the relator, in his official capacity as Prosecuting Attorney of Franklin County, Ohio, which brings into question the validity of the election of the defendants-respondents, hereinafter called the respondents, as trustees of the Eastlawn Cemetery Association, a corporation not for profit, at a meeting held July 29, 1957 The validity of the election held on the date above mentioned depends upon whether

those who participated and those who attempted to participate in the election of trustees were members and entitled to vote at a meeting of the Association.

It is undisputed that the Eastlawn Cemetery Association is an Ohio corporation not for profit and that it was incorporated in 1923. From the record of the testimony of Aileen Edwards; who was acting as Secretary at the time, we find that the book containing the Code of Regulations, adopted in 1923 and never changed, contained the following provision with reference to voting rights:

"Article 1. 'Any person can become a member of this association by purchasing a family lot in Eastlawn Burial Park and shall continue a member so long as he or she is the owner of said lot and shall during such ownership be entitled to one vote per each lot owned at all meetings of the association.'"

Taking that regulation into consideration along with relator's Exhibit "A," we see no escape from the conclusion that a lot consists of six grave spaces and that in order for a person to be entitled to vote as a member of the Eastlawn Cemetery Association, it must appear that he owns one lot or its equivalent, consisting of six grave sites, before that person is a member entitled to vote at a meeting.

The relator complains that Mr. Robert A. Skipton was not recognized although he sought recognition at the meeting in order to make nominations other than the eleven who were nominated and elected at the meeting; that although there had been a motion to close the nominations after the eleven were nominated, that sufficient time or opportunity was not accorded Mr. Skipton or others who might have been in opposition to the closing of the nominations and the declaration by the Chairman that the eleven persons had been unanimously elected.

From the study of the pleadings, the briefs, and arguments of counsel, we feel that point would be well taken if Mr. Skipton and others seeking recognition had been qualified members of the Association. However, in this instance, the Chairman was only bound to receive nominations from members who had voting qualifications; and, likewise, the Chairman was only bound to recognize, for purposes of a motion or a question as to the election, those who were qualified to vote as members.

We find no merit to the argument of estoppel arising from the fact that seven out of the original eleven who had served on the Board prior to the July 29, 1957, meeting were not owners of six grave spaces. The six so-called insurgents and Aileen Edwards were at least de facto trustees up until the election of July 29, 1957, although the Association's regulations did not qualify them as voters, since no one challenged them, their right to serve, or their election. They were trustees in fact. This fact alone would not constitute them members with authority to vote and participate in meetings in the face of positive regulations such as have been quoted above.

We find that the relator has not shown a right to the writ of quo warranto; and, therefore, the writ will be denied.

Writ denied.

PETREE, PJ, BRYANT and MILLER, JJ, concur.